UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EUGENIA E. McDONALD,

                        Plaintiff,

                                                                Case # 16-CV-926-FPG

v.

                                                                  DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                        Defendant.

      Eugenia E. McDonald ("McDonald" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

      Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 16. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner solely for calculation and payment of benefits.

## BACKGROUND

      On April 9 and 18, 2012, McDonald protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 303-15. She alleged disability since October 31, 2009 due to asthma and chronic obstructive pulmonary disease ("COPD"). Tr. 334. On August 1, 2013,

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

McDonald and a vocational expert testified at a hearing via videoconference before Administrative Law Judge Grenville W. Harrop, Jr. ("the ALJ"). Tr. 49-73. On August 27, 2013, the ALJ issued a decision finding that McDonald was not disabled within the meaning of the Act. Tr. 82-100. On January 24, 2014, the Appeals Council vacated that decision and remanded McDonald's case. Tr. 101-05.

On July 17, 2014, McDonald and a vocational expert appeared and testified at a second hearing before the ALJ. Tr. 24-48. On October 1, 2014, the ALJ issued a decision finding that McDonald was not disabled within the meaning of the Act. Tr. 109-24. On November 8, 2016, the Appeals Council denied McDonald's request for review. Tr. 1-10. Thereafter, McDonald commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990)

(holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to

show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ's decision analyzed McDonald's claim for benefits under the process described above. At step one, the ALJ found that McDonald had not engaged in substantial gainful activity since the alleged onset date. Tr. 112. At step two, the ALJ found that McDonald has the following severe impairments: COPD and liver disease. Tr. 112-14. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 114-15.

Next, the ALJ determined that McDonald retains the RFC to perform sedentary work[3] with additional restrictions. Tr. 115-23. Specifically, the ALJ found that McDonald must avoid concentrated exposure to temperature extremes, humidity, fumes, dusts, odors, gases, poor ventilation, etc.[4] Tr. 115. At step four, the ALJ relied on the VE's testimony and found that McDonald can perform her past relevant work as a collection clerk, secretary, and administrative

---

[3]     "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

[4]     The ALJ also found that McDonald has bilateral upper extremity limitations and can only perform fine manual dexterity, fingering, and pinching one-third of a routine workday. Tr. 115. In the Appeals Council's decision, however, it found that this limitation was unsupported. Tr. 4. The Appeals Council otherwise adopted the ALJ's RFC findings. *Id.*

4

assistant. Tr. 123. Accordingly, the ALJ concluded that McDonald was not "disabled" under the Act. *Id.*

## II.    Analysis

McDonald argues that remand is required because the ALJ violated the treating physician rule.[5] ECF No. 11-1 at 11-14. Specifically, McDonald asserts that the ALJ erred when he rejected the opinion of Jennifer Ruh, M.D. that her impairments will cause her to be off task 20% of a typical workday and to miss about three days of work per month. *Id.*

### A.    Treating Physician Rule

The "treating physician rule" is "a series of regulations set forth by the Commissioner . . . detailing the weight to be accorded a treating physician's opinion." *De Roman v. Barnhart*, No. 03 Civ. 0075 (RCC) (AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003) (citing 20 C.F.R. § 404.1527); 20 C.F.R. § 416.927. Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). While an ALJ may discount a treating physician's opinion if it does not meet this standard, the ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

---

[5] McDonald advances another argument that she believes warrants reversal of the Commissioner's decision. ECF No. 11-1 at 14-17. However, the Court will not address that argument because it disposes of this matter based on the ALJ's failure to comply with the treating physician rule.

5

Even when a treating physician's opinion is not given "controlling" weight, the ALJ must still consider several factors in determining how much weight it should receive. The ALJ must consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

### B. Dr. Ruh's Opinions

Dr. Ruh completed a Pulmonary Medical Source Statement wherein she noted that McDonald has had COPD since 2008. Tr. 727. She indicated that McDonald has severe airway obstruction with low vital capacity and that she experiences shortness of breath, wheezing, and coughing. *Id.* Dr. Ruh also noted that McDonald uses a rescue inhaler multiple times per day and that she has daily asthma attacks that last a few minutes. *Id.* Dr. Ruh opined, among other things, that McDonald is likely to be "off task" 20% of a typical work day, which means that her symptoms are likely to be severe enough to interfere with the attention and concentration needed to perform even simple work tasks. Tr. 729. She also opined that McDonald's impairments are likely to produce "good days" and "bad days" and that if McDonald tried to work full-time she is likely to be absent from work about three days per month due to her impairments or treatment. Tr. 730.

### C. Failure to Provide "Good Reasons"

The ALJ afforded "great weight" to Dr. Ruh's opinion that McDonald can sit for six hours and stand and walk for two hours. Tr. 122 (citing Tr. 728). However, the ALJ rejected other portions of Dr. Ruh's opinion and therefore was obligated to adequately explain his reasons for

6

doing so. *See Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) (citing *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417 at *8 (N.D.N.Y. Apr. 2, 2015) (although an ALJ is free to credit only a portion of a medical opinion, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an [ALJ] must have a sound reason for weighting portions of the same-source opinions differently")).

Specifically, the ALJ declined to give any weight to Dr. Ruh's opinion as to McDonald's ability to stay on task because "there is no evidence to substantiate this." Tr. 123. The ALJ also declined to give any weight to Dr. Ruh's opinion as to how often McDonald would be absent from work because McDonald "testified that she missed work '4 days' since October 2013." *Id.* As to both of these limitations, the Appeals Council found that they are "not based on objective evidence of record and appear[] to be based largely on acceptance of self-reported limitation that is not consistent with the record as a whole." Tr. 6. The Court agrees with McDonald that these are not "good reasons" to discount Dr. Ruh's opinion.

Although the ALJ may give more weight to a medical opinion that is supported by relevant evidence and consistent with the record as a whole, *see* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4), the ALJ and the Appeals Council's conclusory statements that "there is no evidence to substantiate" Dr. Ruh's opinion and that it is "not based on objective evidence of record," without more, do not constitute good reasons to discount that opinion. The evidence demonstrates, in fact, that Dr. Ruh performed numerous spirometry tests[6] that revealed that McDonald had "moderately severe obstruction" in her lungs, "severe airway obstruction, with low

---

[6] A spirometry test assesses lung functioning by measuring airflow in and out of the lungs. It diagnoses conditions like COPD and asthma. *See* HealthLine, Spirometry: What to Expect and How to Interpret Your Results, *available at* https://www.healthline.com/health/spirometry (last visited Nov. 22, 2017).

7

vital capacity," and that her "lung age" is 84-94 years old. Tr. 478, 484, 766, 780. Dr. Ruh's treatment notes also consistently document McDonald's severe COPD and symptoms of shortness of breath, wheezing, and coughing. Tr. 437, 476, 482, 486-87, 489, 492, 496, 498, 499, 506, 508, 514, 758-59, 764, 768, 774, 778, 788-91. This evidence supports Dr. Ruh's opinion that McDonald's shortness of breath, wheezing, coughing, use of a rescue inhaler multiple times per day, and daily asthma attacks would cause her to be off task at work and to experience frequent absences. Tr. 729-30.

The ALJ also declined to give any weight to Dr. Ruh's opinion as to how often McDonald would be absent from work because McDonald "testified that she missed work '4 days' since October 2013." Tr. 123 (referring to Tr. 38). Although this testimony indicates that McDonald missed only four days of work over a nine-month period, she was engaging in part-time work during this time. Therefore, this testimony does not illuminate McDonald's ability to maintain appropriate attendance if working on a regular and continuing basis. Tr. 112; *see* 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c); S.S.R. 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996) ("RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). In fact, McDonald testified that when she worked an eight hour shift at her part time job, she "couldn't do it," she "didn't feel right" afterwards, and she "couldn't go in the next day" and had to "call in." Tr. 40-41.

Finally, the Appeals Council also rejected Dr. Ruh's opinion because it is "based largely on acceptance of self-reported limitation that is not consistent with the record as a whole." Tr. 6. However, reliance on McDonald's subjective complaints is "not a valid reason" for rejecting Dr.

8

Ruh's opinion. *Mahon v. Colvin*, No. 15-CV-398-FPG, 2016 WL 3681466, at *4 (W.D.N.Y. July 6, 2016); *see also Green-Younger*, 335 F.3d at 107 (holding that a doctor's reliance on the plaintiff's subjective complaints "hardly undermines his opinion as to her functional limitations" because "a patient's report of complaints, or history, is an essential diagnostic tool") (citation omitted); *Hussain v. Astrue*, No. 07-CV-210C, 2008 WL 4724301, at *5 (W.D.N.Y. Oct. 24, 2008) (indicating that the consultative examiner's reliance on the plaintiff's subjective complaints "does not undermine the opinion") (citation omitted).

### D. Remand for Calculation of Benefits

McDonald argues that the Commissioner's decision should be reversed and that this matter should be remanded solely for the calculation of benefits. ECF No. 11-1 at 17-19. The Court agrees.

District courts are authorized to affirm, reverse, or modify the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand for calculation of benefits is appropriate only in cases where the record "provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *see also Butts v. Barnhart*, 388 F.3d 377, 385-86 (2d Cir. 2004). Courts must avoid "contribut[ing] any further to the delay of the determination of [a claimant's] application by remanding for further administrative proceedings" when remand is unnecessary. *Diaz ex rel. E.G. v. Comm'r of Soc. Sec.*, No. 06-CV-530-JTC, 2008 WL 821978, at *8 (W.D.N.Y. Mar. 26, 2008); *see also McClain v. Barnhart*, 299 F. Supp. 2d 309, 310 (S.D.N.Y. 2004) (recognizing "delay as a factor militating against a remand for further proceedings where the record contains substantial evidence of disability").

Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger*, 335 F.3d at 106. Here, as explained above, Dr. Ruh's opinion is supported by her spirometry tests and treatment notes and her opinion is not inconsistent with other record evidence, which consistently documents COPD, decreased lung capacity, shortness of breath, wheezing, and coughing.

Additionally, the other medical opinions of record, which were rendered by a state agency review physician, a state agency medical consultant, and a consultative examiner, do not undermine Dr. Ruh's opinion. Tr. 549-53, 563-64, 565-70. "Even where a treating physician's opinion is not entitled to 'controlling weight,' it is generally entitled to 'more weight' than the opinions of non-treating and non-examining sources." *Hamm v. Colvin*, No. 16CV936(DF), 2017 WL 1322203, at *17 (S.D.N.Y. Mar. 29, 2017) (citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); S.S.R. 96-2p, 1996 WL 374188, at *4 (S.S.A. July 2, 1996) ("In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.").[7] Rather, a consultative examiner's opinion is generally entitled to "little weight," because their examinations "are often brief, are generally performed without benefit or review of the claimant's medical history, and, at best, only give a glimpse of the claimant on a single day. Often, consultative reports ignore or give only passing consideration to subjective symptoms without stated reasons." *Hamm*, 2017 WL

---

[7] The Court notes that S.S.R. 96-2p was recently rescinded, however, the rescission is only effective for claims filed on or after March 27, 2017. *See* Rescission of Social Security Rulings 96-2p, 96-5p, & 06-3p, 2017 WL 3928305, at *1 (S.S.A. Mar. 27, 2017). Therefore, S.S.R. 96-2p is still applicable to McDonald's claim, which was filed in April of 2012.

1322203, at *17 (citing *Giddings v. Astrue*, 333 F. App'x 649, 652 (2d Cir. 2009) and *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 55 (2d Cir. 1992)).

Dr. Ruh's opinion that McDonald will be off task 20% of the workday and that she will be absent three days per month establishes that she is disabled. VE testimony revealed that employers allow a worker to be off task only 10 to 15% of the workday and that an individual who is off task 20% or more is unemployable. Tr. 45-46. VE testimony also indicated that "employers allow for about 12 absences over the course of the year, on average, about 1 day per month," and that an individual who is absent more than that will be terminated. Tr. 46.

Thus, additional proceedings would serve no purpose and would only further delay McDonald's claim, which has been pending for over five and a half years and was previously remanded by the Appeals Council. Accordingly, the Court remands this matter solely for the calculation and payment of benefits.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED. The Commissioner's decision is REVERSED and this matter is REMANDED to the Commissioner solely for calculation and payment of benefits. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 27, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court