UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EUGENIA E. MCDONALD,

                              Plaintiff,               Case # 16-CV-926-FPG

v.                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION AND BACKGROUND

On November 21, 2016, Plaintiff brought this case against the Commissioner of Social Security to appeal the denial of her disability benefits. ECF No. 1. On November 28, 2017, after the parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court remanded this case solely for calculation and payment of benefits. ECF No. 20. On December 27, 2017, the Court entered a Stipulation and Order awarding Plaintiff $5,250 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 22.

On December 22, 2018, the Social Security Administration ("SSA") issued a Notice of Award granting Plaintiff disability benefits and withheld $30,602.75, or 25 percent of her past due benefits, to pay Plaintiff's attorney. ECF No. 23-4. On December 28, 2018, Plaintiff moved for $30,602.75 in attorney's fees under 42 U.S.C. § 406(b).[1] ECF No. 23. The Commissioner argues

---

[1] Plaintiff filed her motion six days after the SSA issued the Notice and one day after she received it. *See* 20 C.F.R. § 404.1703. The Social Security Act does not set a deadline for filing a § 406(b) motion and the Second Circuit has not indicated what standard governs the timeliness of such a motion. *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *3 (W.D.N.Y. Jan. 28, 2019) (citation omitted). After the SSA issues the Notice, some courts require the § 406(b) motion to be filed within 14 days, while other courts require it to be filed within a "reasonable" time. *Id.* (citations omitted). This District's proposed Local Rule of Civil Procedure 5.5(g)(1) recommends a 65-day window for filing § 406(b) motions. *Id.* at *4 (citing https://www.nywd.uscourts.gov/ news/notice-proposed-federal-court-local-rules-amendments). Plaintiff's motion is timely under any of these standards, and the Commissioner does not argue otherwise.

that this award is unreasonable. ECF No. 25. For the reasons that follow, Plaintiff's motion is GRANTED.

## DISCUSSION

The Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25 percent boundary that § 406(b) sets, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* Thus, a court must determine the reasonableness of the requested fees. *Id.*

After a court determines that the contingent fee agreement is within the 25 percent statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. A court considers whether: 1) the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and 3) "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citing *Joslyn v. Barnhart*, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005)).

Plaintiff's request for $30,602.75 in attorney's fees represents 25 percent of the awarded past due benefits and therefore does not exceed the statutory cap. ECF No. 23-4. It is also

acceptable under the fee agreement between Plaintiff and her attorney, which allows for a fee of up to 25 percent of awarded past due benefits. ECF No. 23-3.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved. Here, Plaintiff's motion for judgment on the pleadings led the Court to remand this case solely for calculation and payment of benefits. As to the second factor, although Plaintiff's attorney requested two extensions of time to file a dispositive motion and one extension of time to file a reply brief, he provided acceptable reasons for doing so. Thus, the Court finds that he did not unreasonably delay the proceedings in an attempt to inflate past due benefits and the potential fee award. Accordingly, these factors weigh in favor of reasonableness.

As to whether the fee award constitutes a windfall to the attorney, courts consider whether: 1) the attorney's efforts were particularly successful; 2) there is evidence of the attorney's expended effort through pleadings that were not boilerplate and arguments that involved issues of material fact and required legal research; and 3) the attorney handled the case efficiently due to his experience litigating Social Security matters. *Wargo v. Colvin*, No. 11-CV-1100S, 2016 WL 787960, at *2 (W.D.N.Y. Mar. 1, 2016) (citation omitted).

A lodestar analysis may also be helpful in analyzing the windfall factor but the lodestar figure does not determine reasonableness. *See Abbey*, 2019 WL 336572, at *2 (citing *Gisbrecht*, 535 U.S. at 808); *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ("[T]he best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."). Here, Plaintiff's attorney spent 29.1 hours representing Plaintiff before the Court. ECF No. 23-6. Dividing the $30,602.75 fee requested by 29.1 hours yields an effective hourly

rate of $1.051.64, which the Commissioner argues is unreasonable and constitutes a windfall to Plaintiff's attorney.

In making this argument, the Commissioner focuses solely on the effective hourly rate and ignores the other factors set forth above. It cannot be disputed that Plaintiff's attorney's efforts were particularly successful in this case—his briefing led the Court to remand this case for calculation and payment of benefits after Plaintiff had been denied benefits twice at the administrative level. Plaintiff's attorney used his skills in this area of the law to sift through a nearly 800-page record and find fact-based, non-boilerplate arguments in support of Plaintiff's claim. Plaintiff's attorney also efficiently handled this case—the 29.1 hours spent litigating this matter is modest and in line with the number of hours the Court has seen other seasoned attorneys spend on these cases.

Although the Commissioner is correct that some courts have reduced attorney's fee awards where the effective hourly rate is comparable to the one sought here, "a substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00. Moreover, many of those decisions were issued some years ago, and their awards, if adjusted for increases in the cost of living, would equal or exceed the amount requested here." *Torres v. Colvin*, No. 11 CIV. 5309 JGK, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) (citations omitted).

In the cases that the Commissioner cites where the court reduced the attorney's requested award, the court did not reduce the award just because the effectively hourly rate was high; rather, the court reduced the award because it would be a windfall to the attorney in light of the work performed. In those cases, the attorneys performed only a modest amount of work because they secured stipulations for remand instead of submitting briefs on the merits of the case, or because they expended an unreasonable number of hours that the courts declined to compensate. *See*

*Heffernan v. Astrue*, 87 F. Supp. 3d 351, 356-57 (E.D.N.Y. 2015); *Devenish v. Astrue*, 85 F. Supp. 3d 634, 638-39 (E.D.N.Y. 2015); *Whittico v. Colvin*, No. 5:09-CV-907 FJS/DRH, 2014 WL 1608671, at *6 (N.D.N.Y. Apr. 22, 2014); *George v. Astrue*, No. 04-CV-1545 (FB), 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009); *Benton v. Comm'r of Soc. Sec.*, No. 03 CV 3154 (ARR), 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007). That is not the scenario here—Plaintiff's attorney filed a persuasive brief that led to an award of benefits, and the hours he expended in doing so were appropriate.

Accordingly, the Court concludes that the requested fee award is not a windfall to Plaintiff's attorney. Thus, in light of the deference owed to the agreement between Plaintiff and her attorney, the interest in assuring that attorneys continue to represent clients in these types of cases, and the other factors set forth above, the Court finds that the requested fee is reasonable. Plaintiff's attorney must refund the EAJA fee award to Plaintiff, which he indicated he intends to do. *See Joslyn*, 389 F. Supp. 2d at 457 (noting that "if an award for attorney's fees is ordered both pursuant to the EAJA and pursuant to 42 U.S.C. § 406(b)(1), the lesser of the two awards must be returned to the claimant" (citing *Gisbrecht,* 535 U.S. at 796)).

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 23) is GRANTED and Plaintiff is awarded $30,602.75 in fees. The Court directs the Commissioner to release the funds withheld from Plaintiff's benefits award. After he receives the § 406(b) fee, Plaintiff's attorney is directed to remit the $5,250 EAJA fee to Plaintiff.

IT IS SO ORDERED.

Dated: March 26, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR., Chief Judge
United States District Court